IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00830-WYD-KMT

CHRISTOPHER MITCHELL, aka C. Eli-Jah Hakeem Muhammed,

    Plaintiff,

v.

UNITED STATES OF AMERICA and
J. COOPER, FCC Florence Financial Manager,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Defendants' Motion to Dismiss" (Doc. No. 19) filed September 28, 2007. Jurisdiction is premised upon 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

### FACTUAL BACKGROUND

*1.   Facts*

The following facts are taken from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff is an inmate at the Federal Correctional Complex ("FCC") in Florence, Colorado. (Prisoner Compl. at 2 [hereinafter "Compl."] [filed April 4, 2007].) Plaintiff names as Defendants the United States of America and J. Cooper, FCC's financial manager. (*Id.* at 1.) Plaintiff asserts four claims for relief. In Claim One, Plaintiff seeks to halt the "transfer of encumbrance" of his account balance assets.

(*Id.* at 4.) Plaintiff alleges that his incoming funds are being frozen or used for debits for legal copies and stamps, and that this is preventing him from spending the incoming funds. (*Id.*) Plaintiff alleges he has a "constitutionally protectable property interest in his funds," and the "debit procedures are not reasonably related or connected to legitimate penological purposes, entitling plaintiff to due process before he can be deprived of all his personal funds." (*Id.*)

In Claim Two, Plaintiff alleges "constitutionally protectable interest violations of property in wrongful taking/conversion." (*Id.* at 5.) Plaintiff states he is entitled to declaratory and prospective relief enjoining Defendant Cooper from illegally taking Plaintiff's funds from his individual trust accounts without authorization and due process. (*Id.*)

In Claim Three, Plaintiff alleges "joint tortfeasors of wrongful taking of personal account funds. (*Id.* at 6.) Specifically, Plaintiff alleges Defendants were negligent in the performance of a 50/50 contract that resulted in property damages. (*Id.*) Plaintiff further alleges that he is entitled to replevin damages for the wrongful taking of inmate funds without due process by two tortfeasors. (*Id.*) He states he possessed a property interest that is constitutionally protected. (*Id.*)

In Claim Four, Plaintiff alleges tort claims for replevin damages. (*Id.* at 7.) Plaintiff specifically asserts that Defendants illegally confiscated and retained his incoming personal funds into an "encumbrance account" and placed a lien to deprive him of funds until all prison debts were repaid for legal copies and postage stamps. (*Id.*)

Plaintiff seeks declaratory and injunctive relief to enjoin Defendants from freezing and placing a lien on his incoming funds without due process. (*Id.* at 3, 16.)

Defendants have moved for dismissal of Plaintiff's Complaint on the bases that: (1) Defendant Cooper is entitled to qualified immunity; (2) the court lacks jurisdiction over the United States or Defendant Cooper in his official capacity; and (3) the court lacks jurisdiction over the Federal Tort Claims Act claims to the extent alleged. (Defs.' Mot to Dismiss [hereinafter "Mot."] [filed September 28, 2007].)

2. *Procedural History*

Plaintiff filed his Prisoner Complaint on April 4, 2007. (Compl.) Defendant filed their motion to dismiss on September 28, 2007. (Mot.) Plaintiff filed his response on December 17, 2007. (Pl's Br. in Opp. to the Mot. to Dismiss [hereinafter "Resp."].) No reply was filed. This matter is ripe for review and recommendation.

## STANDARD OF REVIEW

1. **Pro Se** *Plaintiff*

Because Plaintiff Christopher Mitchell appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen.*

3

*Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2. *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

### 3. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pled factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

**ANALYSIS**

*1.    Sovereign Immunity*

Defendants assert this court lacks jurisdiction over the United States of over Defendant Cooper in his official capacity based on sovereign immunity. In *Bivens*, 403 U.S. at 388, the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66 (2001). "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity." *Malesko*, 534 U.S. at 72. "The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Malesko*, 534 U.S. at 72. *See also Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity—not . . . against officials in their official capacity"); *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (claim for damages against a federal defendant in his official capacity is treated as a claim against the United States). To the extent that Plaintiff has alleged claims pursuant to *Bivens* against the United States and Defendant Cooper in his official capacity, such claims are barred by sovereign immunity and are thus properly dismissed with prejudice for lack of subject matter jurisdiction.

*2.    Qualified Immunity and Lack of Personal Participation*

Defendant Cooper asserts he is entitled to qualified immunity on all of the claims asserted against him in his individual capacity. Qualified immunity shields government officials

6

sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, the court must first determine whether the plaintiff has sufficiently alleged violation of a statutory or constitutional right. *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 745 (10th Cir. 1999). If the plaintiff has asserted such a violation, then the court must inquire whether the right was clearly established at the time of the violation. *Id.*

*Alvarado* provides that "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." 493 F.3d at 1215 n.2. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Personal participation is an essential allegation in a Bivens action. A defendant may not be held liable merely because of his or her supervisory position. *See Kite v. Kelley*, 546 F.2d 334, 336-38 (10th Cir. 1976) (plaintiff suing federal officials for constitutional violations under

7

*Bivens* must show affirmative link between defendant's conduct and the alleged constitutional deprivation). A plaintiff must both allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's participation. *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial").

Plaintiff's allegations, even if taken as true, are an incomprehensive and garbled collection of legal terms and conclusory statements. Plaintiff does not allege any specific facts which plausibly support a claim against Cooper for any constitutional violations. Plaintiff has failed to explain what Defendant Cooper did to him, when Defendant Cooper did it; how Defendant Cooper's action harmed him, and what specific legal right the plaintiff believes Defendant Cooper violated. *Alvarado*, 493 F.3d at 1215 n.2. In addition, Plaintiff has not adequately alleged personal participation or shown an affirmative link between Defendant Cooper's actions and the alleged violation of his constitutional rights. Therefore, Plaintiff's claims against Defendant Cooper in his individual capacity are properly dismissed.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendants' Motion to Dismiss" (Doc. No. 19) be GRANTED.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of August, 2008

                                        **BY THE COURT:**

                                        */s/ Kathleen M. Tafoya*

                                        Kathleen M. Tafoya
                                        United States Magistrate Judge