IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00830-WYD-KMT

C. ELIIJAH HAKEEM MUHAMMAD, a/k/a CHRISTOPHER MITCHELL,

    Plaintiff,

v.

UNITED STATES OF AMERICA; and
J. COOPER, FCC Florence Financial Manager,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Defendants' Motion to Dismiss filed September 28, 2007. The motion seeks to dismiss Plaintiff's *pro se* Prisoner Complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The motion was referred to Magistrate Judge Tafoya for a recommendation by Order of Reference dated July 9, 2007 and Memorandum dated September 28, 2007. A Recommendation of United States Magistrate Judge was filed on August 19, 2008, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.

Magistrate Judge Tafoya recommends therein that Defendants' Motion to Dismiss be granted. *See* Recommendation at 8. She finds that to the extent Plaintiff asserts claims pursuant to *Bivens* against Defendants in their official capacity, such claims are barred by sovereign immunity and are thus properly dismissed with prejudice

for lack of subject matter jurisdiction.  *Id.* at 6.  She also finds that Plaintiff's claims against Defendant Cooper in his individual capacity are properly dismissed because Plaintiff does not allege any specific facts which plausibly support a claim against Cooper for any constitutional violations.  *Id.* at 8.  She states in that regard that "Plaintiff has failed to explain what Defendant Cooper did to him, when Defendant Cooper did it; how Defendant Cooper's action harmed him, and what specific legal right the plaintiff believes Defendant Cooper violated."  *Id.*  In addition, Magistrate Judge Tafoya finds that Plaintiff has not adequately alleged personal participation or shown an affirmative link between Cooper's actions and the alleged violation of his constitutional rights.  *Id.*

Magistrate Judge Tafoya advised the parties that within ten days after service of the Recommendation, written objections to the Recommendation may be filed by any party.  *Id.*  Further, she advised that failure to make timely objections may bar *de novo* review by the district court.  *Id.* at 9.  By Minute Order of August 29, 2008, Plaintiff was granted an extension of time up to September 15, 2008, in which to file objections.  Despite this extension, Plaintiff did not file objections to the Recommendation.

No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do

so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  See FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I agree with Magistrate Judge Tafoya that Plaintiff's official capacity claims are dismissed based on sovereign immunity.  However, I believe that the dismissal of these claims should be without prejudice instead of with prejudice.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (where the court dismisses for lack of jurisdiction, the dismissal must be without prejudice).  I further agree with Magistrate Judge Tafoya that Plaintiff's individual capacity claim against Cooper should be dismissed for failure to allege personal participation or allege facts which support a constitutional violations.  Finally, I find that the dismissal of the individual capacity claim should be with prejudice.  Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge filed August 19, 2008, is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss (Doc. # 19 filed September 28, 2007) is **GRANTED**.  Plaintiff's official capacity claims are **DISMISSED WITHOUT PREJUDICE** and the individual capacity claim against Cooper is **DISMISSED WITH PREJUDICE**.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

Dated: September 19, 2008

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge